IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ERIC BAR-HAIM | : | |
| | : | |
| Plaintiff | : | |
| vs. | : | Civil Action No.  MJG03 CV 917 |
| | : | |
| | : | |
| MAYOR AND CITY COUNCIL | : | |
| OF BATIMORE, et al. | : | |
| | : | |
| Defendants | : | |

### Mayor and City Council of Baltimore's
### Motion to Dismiss

The Mayor and the City Council of Baltimore ("the City"), by its attorneys, Deborah K. St. Lawrence, Chief of Labor, Employment and Personnel, and Lynette A. Collins, Assistant Solicitor, moves, pursuant to FRCP, Rule 12(b), that the Court dismiss the complaint with prejudice and without leave to amend for the following reason:

1. The complaint fails to state a claim and cannot state a claim upon which relief can be granted against the Mayor and the City Council of Baltimore.

2. As a matter of state law, the Baltimore Police Department is not an agency of the City and officials of that Department are not agents, servants or employees of the City.

3. The City is immune from suit under state law from alleged tortious conduct arising out of governmental functions.

WHEREFORE, the Mayor and City Council of Baltimore requests that the Court

dismiss the compliant filed by the Plaintiffs as to it, with prejudice and without leave to amend.

 

_____
Deborah K. St. Lawrence
Chief, Labor, Employment and Personnel


_____
Lynette A. Collins
Assistant Solicitor
Baltimore City Department of Law
100 Holliday Street
Baltimore, MD 21202

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ERIC BAR-HAIM | : | |
| | : | |
| Plaintiff | : | |
| vs. | : | Civil Action No. MJG03 CV 917 |
| | : | |
| | : | |
| MAYOR AND CITY COUNCIL | : | |
| OF BATIMORE, et al. | : | |
| | : | |
| Defendants | : | |

---

**MEMORANDUM OF LAW IN SUPPORT OF
THE MAYOR AND CITY COUNCIL OF BALTIMORE'S
<u>MOTION TO DISMISS</u>**

The Mayor and the City Council of Baltimore ("the City"), by its attorneys, Deborah K. St. Lawrence, Chief of Labor, Employment and Personnel and Lynette A. Collin, Assistant Solicitor, submits this memorandum of law in support of its motion to dismiss.

**<u>Introduction</u>**

The Plaintiff has filed an action against the City, the Baltimore Police Department ("BPD"), Police Commissioner Edward Norris, Deputy Police Commissioner John McEntee, Acting District Commander Thomas Cassella and Supervisor Mark Mason of the BPD. The Plaintiff asserts claims for violation of 42 U.S.C. §1983 (Count I) and Breach of Contract (Count II).

3

**Statement of Facts**

The Plaintiff a Jewish member of the BPD alleges that in September 2000 the BPD began a course of discrimination and harassment against him. (*Complaint* at ¶ IX). The alleged course of conduct by the BPD purportedly resulted in threats, reprimands, a nineteen month suspension and other intimidating conduct. (*Complaint* at ¶ XII). The Plaintiff contends that such treatment by the BPD was based solely on his religion and ethnicity. (*Complaint* at ¶ XII).

Specifically, the Plaintiff asserts that on November 21, 2000 he was suspended and assigned to desk duty. (*Complaint* at ¶XIV). He contends that while on suspension he was denied the opportunity for overtime and prohibited from engaging in secondary employment and requested assignments.[1] (*Complaint* at ¶XV).

On April 2, 2002, the Plaintiff and the BPD entered into an Agreement whereby the Plaintiff would resign from the BPD. (*Complaint* at ¶XXX). The Agreement specified that the Plaintiff's investigative file would be retained by the Department's Internal Affairs Division and that documentation regarding the Plaintiff's suspension would be removed from his personnel file. (*Complaint* at ¶¶ XXX-XXXI).

The Plaintiff alleges that information and documentation regarding his suspension and the Internal Affairs Division investigation were not removed from his personnel file. (*Complaint* at ¶ XXXI). As a result, the Plaintiff states that he lost potential employment opportunities. (*Complaint* at ¶XXXII).

---

[1] The Plaintiff argues that other suspended members of the BPD were permitted to engage in secondary employment. (*Complaint* at ¶XV). Also, the Plaintiff alleges that he was denied overtime prior to his suspension. (*Complaint* at ¶XV).

4

**Standard of Review**

Dismissal for failure to state a claim upon which relief can be granted is proper under Fed. R. Civ. P. 12(b)(6) when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *See Hishon v. King & Spaulding,* 467 U.S. 69, 73 (1984), citing *Conely v. Gibson,* 355 U.S. 45-46 (1957). The Fourth Circuit has held that "the purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint; 'importantly [a Rule 12(b)(6)] motion does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *See Edwards v. Goldsboro,* 178 F.3d 231, 243(4th Cir. 1999), *quoting Republican Party v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992). The court must accept the allegations contained in the complaint as true and must liberally construe the complaint as a whole. *Finlator v. Powers,* 902 F.2d 1158 (4th Cir. 1990). The court, however, need not accept unsupported legal allegations, *Revene v. Charles County Comm'rs,* 882 F.2d 870, 873 (4th Cir. 1989), or conclusory factual allegations devoid of any reference to actual events. *United Black Firefighters v, Hirst,* 604 F.2d 844, 847 (4th Cir. 1979).

**Argument**

    **A. The Plaintiff has not and cannot state a claim against the City under 42 U.S.C. §1983.**

Count I of the complaint seeks to assert a claim under 42 U.S.C. §1983 for alleged violations of the Plaintiff's federal civil rights. The Plaintiff has not pled sufficient facts to state a claim against the City under Federal law.

Municipalities can be subject to liability for violations of federal civil rights under certain circumstances. A municipality "is only liable when it can be fairly said that the city itself, not its servants, is the wrongdoer." *Canton v. Harris*, 489 U.S. 378, 385 (1985). A municipality cannot, under the theory of *respondeat superior,* be held liable for the actions of its agents or servants. *Monell v. New York Department of Social Services,* 436 U.S. 658, 694 (1978).

"Local governing bodies. . .can be sued directly under Section 1983. . .where the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation or decision officially adopted and promulgated by that body's officers." *Monell,* 436 U.S. at 690. A complaint which "appears to have merely attached a conclusory allegation of 'policy' to what in essence is a claim based on a single unconstitutional act", must be dismissed. *Ivey v. Board of Regents of University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982) ("a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled"); *Giarrusso v. Chicago,* 539 F. Supp. 307, 311 D.C. 1980) (plaintiffs "cannot rely on

conclusory allegations but instead must plead facts which show that a county policy or custom directly caused injury to plaintiffs' constitutional rights.")

Not only must the policy or custom under attack be "fairly attributable to the municipality as its 'own', "it must also be the "moving force" behind the particular constitutional violation. *Spell v. McDaniel*, 8 24 F.2d 1380, 1387 (4th Cir. 1987). The Supreme Court and the Fourth Circuit have repeatedly observed that proof of a single violation is insufficient to support the inference that the alleged constitutional violation resulted from a municipal policy, custom or practice. *City of Fayetteville v. Spell,* 484 U.S. 1027 (1988); *City of Oklahoma v. Tuttle,* 471 U.S. 808, 821 (1985); *Carter v. Morris,* 164 F.3d 215, 220 (4th Cir. 1999); *Semple v. City of Moundsville,* 195 F.3d 708, 713-14 (4th Cir. 1999); *Spell v McDaniel* 824 F.2d 1380, 1391 (4th Cir. 1987).

In the present case, the Plaintiff has asserted a claim for *respondeat superior* liability against the City and has failed to allege any facts to show a policy, custom or practice of the City that was the moving force behind the alleged deprivation of the Plaintiff's rights. Therefore, the complaint does not and cannot allege sufficient factual allegations to support a claim of municipal liability. Accordingly, the Plaintiffs have not stated a cause of action against the City under 42 U.S.C. §1983 and the Court should dismiss Count I with prejudice and without leave to amend.

> **B. The Plaintiff cannot maintain a state law cause of action for Breach of Contract against the City because the Baltimore Police Department is an agency of the State of Maryland and not of the City of Baltimore.**

In Count II of the Complaint (Breach of Contract), the Plaintiff attempts to assert a claim under state law that seeks to hold the City liable for the alleged actions or

7

inaction of employees of the BPD and for the purported failure of the City to operate the BPD properly, but the Plaintiff cannot state a claim against the City on this basis as a matter of law.

It is well settled under Maryland law that the BPD is an agency of the State of Maryland, not the City of Baltimore.  See PUBLIC LOCAL LAWS OF BALTIMORE CITY, 16-2 (a) ("The Police Department of Baltimore City is hereby constituted and established as an agency and instrumentality of the State of Maryland."); *Clea v. Mayor and City Council of Baltimore,* 312 Md. 662 (1988); *Baltimore Police Department v. Cherkes,* 140 Md. App. 282 (2001); *Williams v. Baltimore,* 128 Md. App. 1 (1999) *rev'd on other grounds,* 359 Md. 101 (2000); *Ashton v. Brown,* 339 Md. 70, 104 n. 18 (1995). The BPD was removed from the control of the City government and transferred to state control in 1860. H.H. Walker Lewis, *The Baltimore Police Case of 1860,* 26 MD. L. REV. 215 (1996); *Baltimore v. State,* 15 Md. 376 (1860), and it remains a state agency by legislation to this date.

The City and its officials are not authorized to direct or control the BPD and are, in fact, explicitly prohibited by state law from interfering in the operations and affairs of the BPD.  BALT. CITY CHARTER, Art. III, 27; *Adams v. Baltimore Transit Co.,* 203 Md. 295, 311 (1953); *Upshur v. Baltimore*, 94 Md. 743, 756 (1902); *Baltimore v. State***,** 15 Md. 376 (1860).  As a result, the City cannot be held liable for the acts or omissions of the officers of the BPD.  *Clea*, 312 Md. at 669-70 ("As a matter of Maryland law, Baltimore City is simply not [the officers'] employer for tort liability purposes.")  Nor can the City be held liable for an alleged failure to operate the BPD in a lawful manner.

The BPD is an agency of the State as a matter of law, all claims against the City for the acts of officers of the BPD or for a failure to control the BPD or to operate it properly are barred. Therefore, Count II of the complaint should be dismissed with prejudice and without leave to amend.

### C. The City is immune from suit for claims arising from the operation of the Police Department.

Assuming *arguendo* that the BPD is a City agency and that the police officers are employees of the City, Count II of the present action still cannot proceed against the City because counties, municipal corporations and their agencies are immune from suit from alleged tortious conduct arising out of governmental, rather than proprietary functions. *Austin v. Baltimore*, 286 Md. 51 (1979); *Brunswick v. Hyatt*, 91 Md. App. 555 (1992). The test for determining whether an activity is governmental or proprietary is "whether the act is performed is for the common good of all or for the special benefit or profit of the corporate entity." *Taylor v. Montgomery Co.*, 300 Md. 539, 547 (1984). When the function is governmental, undertaken for the common benefit, the City's immunity is absolute.

The operation of a municipal police force is a quintessential government function, and the Maryland appellate courts have consistently barred such suits. *Clea*, 312 Md. at 667; *Williams*, 128 Md. App. at 35-36. The non-constitutional state law claims against the City in this case arising from the alleged operation of a police department must be dismissed with prejudice because such an activity is clearly a governmental function and the City is immune from suit. Therefore, the Court should dismiss Count II with prejudice and without leave to amend.

**Conclusion**

The Plaintiff has not and can not state a claim under 42 U.S.C. §1983, because the Plaintiff has failed to establish that a policy, custom or practice was the moving force behind the City's alleged deprivation of the Plaintiff's rights. Furthermore, the BPD is an agency of the State and not of the City. The City cannot be held liable under state law for the misdeeds of police officers. Moreover, even if the BPD were a City agency and police officers, City employees, the City would be immune from suit for the state law nonconstitutional claims, because the operation of the a Police Department is a governmental function.

Respectfully submitted,

_____
Deborah K. St. Lawrence (25052)
Chief, Labor, Employment and Personnel
(410) 396-3960


_____
Lynette A. Collins (15504)
Assistant Solicitor
Baltimore Law Department
100 Holiday Street
Baltimore, Maryland 21202
(410) 396-3305

**Certificate of Service**

**I HEREBY CERTIFY** that on this 9th day of May 2003, copies of the foregoing Mayor and City Council of Baltimore's Motion to Dismiss and Memorandum in Support of the Motion to Dismiss were mailed first class postage prepaid, to Thomas Kinnane Esq., Kinnane & Associates, Ltd., 100 Ridgley Avenue, Annapolis, MD 21401 and Howard Hoffman, Baltimore Police Department, 601 Fayette Street, Baltimore MD 21202.

_____
Lynette A. Collins
Assistant Solicitor